IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRANNON DEON PARSONS,       :

    Plaintiff,       :

vs.       :       CIVIL ACTION  13-0181-WS-C

ESCAMBIA COUNTY DETENTION       :
CENTER, et al.,

    Defendant(s).       :


REPORT AND RECOMMENDATION

    This action was filed by an Alabama state inmate and has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4) for appropriate action.  It is recommended that this action be dismissed without prejudice for Plaintiff's failure to prosecute and to comply with the Court's order.

    On April 12, 2013, the Court granted Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2).  Plaintiff was ordered to pay a partial filing fee of $2.25.  The remainder of the $350.00 filing fee is to be paid by Plaintiff, while a prisoner, in accordance to 28 U.S.C. § 1915(b)(2).  Plaintiff was ordered to advise the Court immediately of a change in address, e.g., when Plaintiff is transferred, released, etc., or suffer the dismissal of this action for failure to prosecute and to obey the Court's order (Doc. 3).  On April 29, 2013, the Court received a partial filing fee in the amount of $20.00 (Doc. 5) and, on May 8, 2013, the Court received another partial filing fee in the amount of $2.75 (Doc. 5).

    On June 18, 2013, the Court entered an order directing the Alabama Department of

Corrections, by and through the Business Manager at Escambia County Detention Center, to collect payments pursuant to 28 U.S.C. § 1915(b)(2) (Doc. 6).  On June 24, 2013, the envelope containing this order was returned to the Clerk Office with the notation "Subject is no longer in Esc. Co. Al jail." (Doc. 7)  On June 25, 2013, the Court contacted the Escambia County Detention Center and was informed that Plaintiff was released on May 24, 2013, and that Plaintiff's free-world address is 4008 Meadow Road, Mobile, Alabama 36619.

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  See *Link v. Wabash R. R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied, Ballard v. Volunteers of America*, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).  *Accord  Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that the federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), *cert. denied*, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993); *Blunt v. U. S. Tobacco Co.*, 856 F.2d 192 (6th Cir. 1988)(unpublished) (affirming district court's dismissal of *pro se* plaintiff's action for failure to prosecute when plaintiff failed to respond to the summary

judgment notice or to show cause why the action should not be dismissed).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

The Clerk is directed to send this Report and Recommendation to Plaintiff at the Meadow Road address.

DONE this 26th day of June, 2013.

      s/WILLIAM E. CASSADY  
      UNITED STATES MAGISTRATE JUDGE